1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

8   JUAN PABLO ORQUIZA, et al.,                    2:11-CV-1374 JCM (CWH)

9              Plaintiffs,

10  v.

11  WALLDESIGN, INC., et al.,

12             Defendants.

13

14                                 **ORDER**

15        Presently before the court is defendants D.R. Horton, Inc. and Ryland Homes Nevada, LLC's

16  motion for reconsideration of the denial of defendants' motion to stay. (Doc. #66). Defendant Hand

17  Construction Company has joined in the motion. (Doc. #77). Plaintiffs Juan Pablo Orquiza and

18  Mazimino Buenaventura have filed an opposition  (doc. #79) to which and the defendants have

19  replied (docs. #81 and #83).

20  **I.     Background**

21        The moving defendants are general contractors who had subcontracted with defendant

22  Walldesign, Inc.  Plaintiffs are former employees of Walldesign who allege that Walldesign violated

23  the Fair Labor Standards Act and Nevada wage and hour laws by failing to properly pay them.

24  Moving defendants, as well as other general contractors, have also been sued under the theory that

25  the general contractors were co-employers of defendants.

26        Walldesign filed a bankruptcy petition with the United States Bankruptcy Court for the

27  Central District of California on January 9, 2012. *See* Doc. #55, Ex. E.  Accordingly, the case has

28

James C. Mahan
U.S. District Judge

1    been automatically stayed as to Walldesign.  The moving defendants argue that because Walldesign

2    has contracted to fully indemnify the moving defendants the bankruptcy stay should equally apply

3    to the moving defendants.  In essence, the moving defendants argue that because Walldesign is

4    ultimately liable to pay any judgment recovered against the moving defendants, as well as the

5    moving defendants' attorneys' fees, the whole action should be stayed pending Walldesign's

6    bankruptcy proceedings.

7            Magistrate Judge Carl W. Hoffman denied the moving defendants' motion, holding that it

8    was more appropriate for the bankruptcy court to determine whether or not its automatic stay should

9    be extended to the moving defendants.  In support of his holding, the magistrate judge cited the fact

10   that this court does not have a "feel for the breadth of this case as related to the rest of the

11   bankruptcy." *See* Court Reporter/FTR Recording, 2:56-2:58.  Further, the magistrate judge held that

12   it was clear that the indemnification claims could be substantial, and due to their possible effect on

13   the bankruptcy estate, a request to extend the stay was more properly addressed to the bankruptcy

14   court.  *Id.*

15           For the reasons stated below, this court agrees with Magistrate Judge Hoffman's holding.

16   **II.     Discussion**

17           The moving defendants place great emphasis on the Ninth Circuit's opinion in *Boucher v.*

18   *Shaw*, 572 F.3d 1087 (9th Cir. 2009).  While this court acknowledges that the pertinent language in

19   Boucher is only dicta, the court finds that it addresses the precise facts of the instant dispute.  In

20   *Boucher*, the Ninth Circuit explained that where a bankruptcy debtor is contractually obligated to

21   indemnify non-debtor defendants in the same lawsuit, a stay is likely appropriate so that the plaintiff

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1   could pursue the matter in bankruptcy court. *Id.* at 1093. Specifically, the court explained:

2       This is, in fact, an easier case than our precedent cited *supra*. Here, the plaintiff's
        claim does not seek to reach property of the managers that has been pledged to secure
3       the Castaways' debt, or that would otherwise impact property of the [bankruptcy]
        estate. . . However, if the liability of the non-debtor party *were* to affect the property
4       of the bankruptcy estate, *such as by a requirement that the debtor indemnify the non-
        debtor* or by payment of the liability from a director's and officer's insurance policy,
5       it may be necessary for the plaintiff in such a case to proceed against the non-debtor
        party through bankruptcy proceedings.
6

7   *Id.* (emphasis added) (citations omitted).

8       In *Boucher*, the parties had not raised claims that the suit would affect the bankruptcy estate,

9   thus the court did not reach the question of whether the stay should be extended to cover the non-

10  debtor defendants. *Id*. The Fourth Circuit, however, has addressed the issue. In *A.H. Robins Co.*

11  *v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), the court held that a stay of litigation as to non-debtor

12  defendants is warranted when the "debtor and non-debtor are so bound by statute or contract that the

13  liability of the non-debtor is imputed to the debtor by operation of law." *Id.* at 999; *see also*

14  *Maxicare Health Plans, Inc. v. Centinela Mammoth Hosp.*, 105 B.R. 937, 942-943 (Bankr. C.D. Cal.

15  1989) ("the court finds that actions against non-debtor members will result in claims against the

16  debtor for reimbursement or indemnification such that the debtor is the real party defendant").

17      However, *Boucher* did address the vehicle for extending a stay to non-debtor defendants.

18  The Ninth Circuit explained that "the bankruptcy court would first need to extend the automatic stay

19  under its equity jurisdiction." *Boucher*, 572 F.3d at 1093. The court went on to explain that "'"such

20  extensions, although referred to as extensions of the automatic stay, [are] in fact injunctions issued

21  by the bankruptcy court after hearing and the establishment of unusual need to take this action to

22  protect the administration of the bankruptcy estate."'" *Id.* (quoting *Patton v. Bearden*, 8 F.3d 343,

23  349 (6th Cir. 1993)).

24      While this court accepts the moving defendants' arguments that it has the inherent authority

25  to stay these proceedings pursuant to its power to control the disposition of the cases on its docket,

26  *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental

27  to the power inherent in every court to control the disposition of the cases on its docket with

28

**James C. Mahan**
**U.S. District Judge**                                    - 3 -

1   economy of time and effort for itself, for counsel, and for litigants."); *see also CMAX Inc. v. Hall*,

2   300 F.2d 265, 268 (9th Cir. 1962), the court is not inclined to exercise its power.  Moving defendants

3   are attempting to pick and choose which parts of *Boucher* they want applied.  If they argue, pursuant

4   to *Boucher's* dicta, that the bankruptcy stay should be extended, then they must follow the procedure

5   the *Boucher* court described, and seek the proper injunction from the bankruptcy court.

6        Accordingly,

7        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motion for

8   reconsideration (doc. #66) be, and the same hereby is, DENIED.

9        DATED April 3, 2012.

10

11   _____

12   **UNITED STATES DISTRICT JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

             - 4 -