UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUAN PABLO ORQUIZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WALLDESIGN, INC., et al., <br><br> Defendants. | 2:11-CV-1374 JCM (CWH) |

**ORDER**

Presently before the court is plaintiffs Juan Pablo Orquiza and Maximino Buenaventura's motion for collective action certification. Doc. #23. Defendants Walldesign, Inc., Michael Bello, Stephen Huntington, and Sterling S. Development have filed an opposition (doc. #69), to which defendants D.R. Horton, Inc. and Ryland Homes Nevada, LLC (doc. #70) and Hand Construction Corporation (doc. #76) have joined. D.R. Horton and Ryland have also filed an independent opposition. Doc. #71. Plaintiffs have filed a reply to the various oppositions. Doc. #78.

**I.    Background**

This court previously summarized the allegations of the instant dispute in its order granting in part, and denying in part, defendants' motion to dismiss. As the court described there, this case centers around defendants' alleged intentional failure to pay wages, systematic under-reporting of hours, and failure to pay overtime for hours worked in excess of 40 hours in a week to plaintiffs and the class they represent.

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiffs and the class they represent are either current or former employees of Walldesign, Inc. While employed by defendants, plaintiffs completed construction-type jobs such as installing drywall, plastering, painting, and applying stucco. Plaintiffs worked at multiple construction sites in Nevada. (Doc. #44, Ex. 1). Plaintiffs allege that Walldesign is involved in irregular pay practices where employees are paid in cash instead of a check, and do not receive accurate paystubs. *Id*.

Furthermore, plaintiffs contend that their supervisors made false promises regarding rates of pay. Plaintiffs claim that when paychecks were received, the number of hours would not be included and, despite workers logging their own hours, they were denied the proper amount of pay. Defendants also often paid workers less than the established minimum wage (some making approximately $2/hour). *Id*. Plaintiffs also maintain that, despite regularly working more than 40 hours per week, they were denied overtime premium pay rates. *Id.*

Plaintiffs allege that Walldesign, Bello, and Huntington were alerted to the irregularities in pay practices in September 2009, when a different group of plaintiffs filed a similar law suit.[1] Walldesign is also accused of similar wrongs in California.[2]

On January 24, 2012, Walldesign filed a petition for emergency motions for order pursuant to Chapter 11 of the Bankruptcy Act, and defendant Bello transferred Walldesign's workforce to Imperial Construction Group, Inc. (Doc. #44, Ex. E). Despite the change in workforce ownership, plaintiffs maintain that employees continue to be subjected to improper pay practices.

Plaintiffs have now moved for conditional certification under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

**II.   Discussion**

   *A.   Standard of Review*

To prevail on a motion for circulation of notice and conditional certification, the moving party must show that the plaintiff and other class members are "victims of a single [employer]

---

[1] Case No. A-09-598359-C, Clark County Superior Court; after removal: 2:09-cv-01869-RJC-LRL.

[2] Orange County Superior Court, Case No. 30-2010-00364818-CU-OE-CXC.

James C. Mahan
U.S. District Judge

- 2 -

1  decision, policy, or plan." *Sarviss v. Gen. Dynamics Information Tech., Inc.*, 663 F. Supp. 2d 883,
2  903 (C.D. Cal. 2009).

3  There is a two-tier approach to certifying a collective class action under the FLSA. The first
4  tier is the "notice stage" in which the standard for making this determination is "fairly lenient" and
5  "typically results in conditional class certification." *Leuthold v. Destination America, Inc.*, 224
6  F.R.D. 462, 466 (N.D. Cal. 2004). A fairly lenient standard is used in this situation because at the
7  initial stage of a class action case, the court has "minimal evidence" to make its determination as to
8  class member certification. *See Fetrow-Fix v. Harrah's Entertainment, Inc.*, Slip Copy, 2011 WL
9  6938594 (D. Nev. 2011) (*citing Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1213-14 (5th Cir.
10 1995)).

11 The second tier, considered the "decertification stage", has a much higher standard of proof
12 as to whether the proposed plaintiffs are, in fact, similarly situated. Because of this, the second-tier
13 is not applied until after discovery is completed. Once discovery is completed, the court can review
14 the case again and determine if there is a proper class; until then the court cannot depart from the
15 notice stage. *See Goudie v. Cable Communications, Inc.*, 2008 U.S. Dist. LEXIS 83382, at *5 (D.
16 Or. Oct. 14, 2008).

17 The issues considered in a Rule 23 class certification motion–i.e. the numerosity, typicality,
18 commonality, and representiveness–are not considered on a motion to circulate the notice of the
19 pendency of an action. *Scholtisek v. Eldre Corp.*, 229 FRD 381, 386 (W.D.N.Y. 2005); *see also*
20 *Mitchell v. Acosta Sales, LLC*, 2011 U.S. Dist. LEXIS 152235, 36-38 (C.D. Cal. Dec. 16, 2011).

21     B.    *Analysis*

22 As evident from the above discussion, the court's inquiry at this early stage in the litigation
23 is both narrow and lenient. Plaintiffs must only bring forth "minimal evidence" that they are the
24 "victims of a single [employer] decision, policy, or plan." *Sarviss*, 663 F. Supp. 2d at 903; *Mooney*,
25 54 F.3d at 1213-14.

26 Plaintiffs have met this minimal burden. Here, plaintiffs have brought forth deposition of
27 Mr. William Longaker, a Superintendent of Drywall for Walldesign, who testified that Walldesign's
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

policy was to pay workers based solely on a "job budget." *See* Mot., Ex. A, pg. 3.[3] This budget was the total amount that Walldesign planned to spend on a particular work task, e.g. hanging drywall in a building. Walldesign allegedly placed primary emphasis on meeting its job budget, even where such a course made it impossible to comply with federal and state wage and hour regulations. As a result of this alleged policy, plaintiffs contend that Walldesign regularly violated minimum wage and overtime laws. Mr. Longaker further illustrated several instances where it was company policy to not pay workers for compensable work time. *Id.* at pgs 2, 5.

While this court finds defendants' arguments regarding the individualized inquiry required by many of plaintiffs' claims, such questions are not properly before this court at the present juncture. While it may be true that any conditional certification at this early stage will ultimately be reversed in the decertification stage, this court is bound by the lenient conditional certification standards governing FLSA actions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for conditional certification (doc. #23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the notice of potential collective action submitted as Exhibit B to plaintiffs' motion is approved for distribution. Plaintiffs shall bear all costs.

DATED August 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Defendants challenge this evidence, arguing that it is not authenticated pursuant to the Federal Rules of Evidence. Defendants are seeking to apply evidentiary concepts from the trial and summary judgment context. A motion for collective action certification is evaluated based only on substantial allegations culled from the pleadings and affidavits submitted by the parties. *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007). As this occurs *before* discovery, "the court makes this determination under a fairly lenient standard due to the limited amount of evidence before it." *Id.*

James C. Mahan
U.S. District Judge