1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

JUAN PABLO ORQUIZA, et al.,

        Plaintiffs,

v.

WALLDESIGN, INC., et al.,

        Defendants.

2:11-CV-1374 JCM (CWH)

14

**ORDER**

15  Presently before the court is defendants', Michael Bello and Stephen Huntington, motion for

16 summary judgment. (Doc. # 158). Plaintiffs filed a response in opposition (doc. # 159), and

17 defendants filed a reply (doc. # 161).

18  **I.    Background**

19   The parties provide very few facts for the court in the motions. Michael Bello was the

20 founder and owner of Walldesign. Stephen Huntington was the vice-president of operations for

21 Walldesign. Both worked at the offices regularly and oversaw the operations of Walldesign.

22 Walldesign was licensed to business in multiple states. Defendants Bello and Huntington do not live

23 in Nevada and never met the plaintiffs in this lawsuit.

24   Plaintiffs worked for Walldesign.[1] Plaintiffs allege that they were not paid the minimum

25

26
27
28

---

[1] The court is unaware of the dates and locations of plaintiffs' employment or even which projects plaintiffs performed worked. The parties did not provide this information in their motions, and the court does not have to read every single deposition provided by the parties to find this information. It is the parties' obligation to inform the court of pertinent facts.

James C. Mahan
U.S. District Judge

wage standards and that they were not paid overtime as required by federal law.  Based on the foregoing, plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") for unpaid wages and seek to hold defendants Bello and Huntington liable, in addition to certain corporate defendants, for those unpaid wages.

## II.    Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways:  (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing

1   party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
2   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions
3   of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th
4   Cir. 1987).

5          In other words, the nonmoving party cannot avoid summary judgment by relying solely on
6   conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045
7   (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the
8   pleadings and set forth specific facts by producing competent evidence that shows a genuine issue
9   for trial. *See Celotex Corp.*, 477 U.S. at 324.

10         At summary judgment, a court's function is not to weigh the evidence and determine the
11  truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,
12  477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all justifiable
13  inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is
14  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at
15  249–50.

16  **III.   Discussion**

17         As a preliminary matter, plaintiffs' response to the summary judgment motion presents no
18  arguments regarding individual defendant Huntington.  Plaintiffs' response ignores individual
19  defendant Huntington entirely.  Nevertheless, the court will apply the facts to the law in this case to
20  determine if there can be individual liability for either defendant Bello or Huntington.

21         The FLSA provides that "[e]very employer shall pay to each of his employees who in any
22  workweek is engaged in commerce or in the production of goods for commerce" a minimum wage.
23  29 U.S.C. § 206(a).  Additionally, "no employer shall employ any of his employees [ ] in any
24  workweek . . . longer than forty hours unless such employee receives compensation" as overtime.
25  29 U.S.C. § 207(a)(1).  "Any employer who violates the provisions of section 206 or section 207 of
26  this title shall be liable to the employee or employees affected in the amount of their unpaid
27  minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional
28

James C. Mahan
U.S. District Judge

- 3 -

1   equal amount as liquidated damages." 29 U.S.C. § 216(b).

2          The term "employer" is defined broadly by the FLSA as "any person acting directly or

3   indirectly in the interest of an employer in relation to an employee and includes . . . anyone acting

4   in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). "[T]he definition

5   of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but is to be

6   given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

7   *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009) (internal citations and quotations omitted).

8   "The determination of whether an employer-employee relationship exists does not depend on

9   isolated factors but rather upon the circumstances of the whole activity.  The touchstone is the

10   economic reality of the relationship." *Id.* at 1091 (internal citations and quotations omitted).

11          "Where an individual exercises control over the nature and structure of the employment

12   relationship, or the economic control over the relationship, that individual is an employer within the

13   meaning of the Act, and is subject to liability." *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir.

14   1999).  When determining whether an employer under the FLSA, or an individual that meets the

15   employer definition under the FLSA, meets the "economic realities" test, the court should consider

16   the following relevant factors: (1) the power to hire and fire employees; (2) supervision and control

17   of employee work schedules or conditions of employment; (3) determining the rate and method of

18   payment; and, (4) maintaining employment records.  *See Hale v. State of Ariz.*, 993 F.2d 1387, 1394

19   (9th Cir. 1993).

20          No one factor is dispositive.  Evaluation of the relationship as a whole depends on the totality

21   of the circumstances. *Id.*  Finally, "[i]n cases where courts have found corporate officers and board

22   members liable as employers, the individuals had at least some degree of involvement in supervising

23   employees, controlling work schedules, and setting wages."  *Lopez v. G.A.T. Airline Ground*

24   *Support, Inc.*, no. 09-cv-2268-IEG-BGS, 2010 WL 2839417, at *9 (S.D. Cal. July 19, 2010).

25          *A.     Hire and Fire*

26          The plaintiffs and opt-in plaintiffs admit they were not hired or fired by Bello or Huntington.

27   However, plaintiffs argue that Bello, but not Huntington, is still liable because of his operational day

28

James C. Mahan
U.S. District Judge

- 4 -

to day control over the enterprise.  The defendants argue that plaintiffs misstate the record and deposition transcripts, and that defendant Bello made no decisions about whether to hire or fire any individual plaintiff.  The court agrees with defendants.

Each plaintiff in his deposition states that someone other than defendants Bello or Huntington hired him.  The individuals that hired (and fired some) of the plaintiffs all worked for Walldesign.  However, those individuals were lower level to middle level managers–foremen, crew supervisors, or superintendents.  There is no evidence from any deposition that these lower to middle level managers hired (or fired) any of the plaintiffs at the specific direction of either defendant Bello or Huntington.  None of the plaintiffs even admitted that they had ever seen or met either defendant Bello or Huntington.

Finally, in his deposition, defendant Bello repeatedly said that Walldesign hired the plaintiffs.  Defendant Bello never stated that he hired (or fired) any of the plaintiffs.  All the undisputed evidence demonstrates that neither defendant Bello nor Huntington hired or fired any of the plaintiffs.  *See Gray v. Powers*, 673 F.3d 352, 355-56 (9th Cir. 2012) ("The cases do not suggest, however, that merely being an officer or shareholder subjects an individual to FLSA liability. . . . [A] status-based inference of control cannot alone suffice to create a genuine fact issue whether [defendant] had the power to hire and fire . . . .").

*B.*     *Supervision and Control of Work*

Both sides make similar arguments to the hire and fire arguments.  Defendants argue that lower level and middle level mangers, such as foremen, carried out the supervision and day to day control of the plaintiffs.  Plaintiffs argue that defendant Bello, but not Huntington, supervised and controlled work schedules via his oversight of business cash flow.

The court agrees with defendants.  All the deposition evidences points to only one conclusion–plaintiffs' immediate supervisors supervised and controlled their work.  Each plaintiff provided a deposition and named a foreman, superintendent, or crew supervisor as the person they reported to, the person that supervised them, and the person that controlled their work.  Plaintiffs stated in their depositions that these lower and middle level supervisors told them when to show up

James C. Mahan
U.S. District Judge

- 5 -

1  for work, what work to do, and when the work concluded.  There is no deposition evidence that

2  demonstrates, or even leads to an inference, that the lower and middle level managers took direction

3  or guidance from defendant Bello or Huntington regarding how to supervise or control the work of

4  these plaintiffs or any employees like them.

5      It is true, as argued by plaintiffs, that defendant Bello controlled the big picture operations

6  of the entire Walldesign enterprise.  However, this does not mean that Bello qualifies as an employer

7  under the FLSA.  Defendant Bello may have selected which projects Walldesign would accept and

8  complete, but he left the supervision of how to complete those projects, as well as control of workers

9  who would complete those projects, to the lower and middle level managers on the ground.

10  Defendant Bello delegated those responsibilities and plaintiffs have not presented any facts that

11  defendant Bello or Huntington supervised or controlled their work.

12      C.      *Determining Rate and Method of Payment*

13      Plaintiffs argue that defendant Bello determined rate and method of payment because of his

14  big picture decisions at Walldesign.  Defendants argue that Bello made no individual or specific rate

15  or payment method determinations.  Again, plaintiffs make no arguments regarding defendant

16  Huntington.

17      Each plaintiff stated in their deposition that their individual supervisor or crew managers set

18  their pay and method of payment.  Each plaintiff stated that these lower to mid-level managers would

19  explain and discuss pay rates prior to beginning work on any project.  Plaintiffs depositions indicate

20  that line workers' pay and method of payment was determined by the supervisors and crew leaders

21  in varying ways and amounts such that there was no uniform direction from the owner and president

22  or vice-president.

23      Each defendant provided deposition testimony stating that they did not assign dollar figures

24  to labor budges.  Plaintiffs have not provided any contrary evidence that could establish a genuine

25  issue of material fact.

26      D.      *Maintaining Employment Records*

27      Like the other considerations under FLSA, plaintiffs have provided no actual evidence that

28

James C. Mahan
U.S. District Judge

- 6 -

1   either defendant maintained individual employment records.   The uncontroverted evidence
2   demonstrates that defendants Bello and Huntington did not maintain or even oversee employment
3   records, applications, time records, or payroll records.  Plaintiffs have not shown there is a genuine
4   issue of material fact on this issue.  *See Gray*, 673 F.3d at 357 (stating that an absence of evidence
5   on this factor "cannot benefit [plaintiff], who has the burden of proof.").

6   **IV.    Conclusion**

7          Plaintiffs have not met their burden of establishing individual defendants Bello or Huntington
8   meet the definition of employer under the FLSA.  There are no genuine issues of material fact to the
9   contrary.  *See Baystate Alternative Staffing, Inc., v. Herman*, 163 F.3d 668, 679 (1st Cir. 1998) ("If,
10  as the [plaintiff] argues, the significant factor in the personal liability determination is simply the
11  exercise of control by a corporate officer or corporate employee over the 'work situation,' almost
12  any supervisory or managerial employee of a corporation could be held personally liable for the
13  unpaid wages of other employees and the civil penalty thereto.  We adhere to the view . . . that such
14  an expansive application of the definition of 'employer' to a personal liability determination pursuant
15  to the FLSA is untenable.").  Summary judgment is granted in favor of individual defendants Bello
16  and Huntington.

17         Accordingly,

18         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants', Michael Bello
19  and Stephen Huntington, motion for summary judgment (doc. # 158) be, and the same hereby, is
20  GRANTED.

21         IT IS FURTHER ORDERED that defendants shall submit a proposed judgment consistent
22  with this order.

23         DATED June 14, 2013.

24

25                                        _____
                                          **UNITED STATES DISTRICT JUDGE**
26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -