RACHEL WILSON, SBN 11884
1701 Whitney Mesa Dr., Suite 105
Henderson, NV 89014
phone: (702) 997-2413
fax: (702) 543-3789
rachel@rachelwilsonlaw.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Juan Pablo Orquiza, Maximino Buenaventura, individually and on behalf of other persons similarly situated,<br>        Plaintiffs,<br>vs.<br><br>Walldesign, Inc., Michael Bello, Stephen Huntington, HAND Construction Company, Sterling S Development, Inc., DR Horton, Inc., Ryland Homes Nevada, LLC, and Does 1-10.<br><br>        Defendants. | Case No. 2:11-cv-01374-JCM-CWH<br><br>**JOINT MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL**<br><br>**HONORABLE JAMES C. MAHAN** |

On July 3, 2013, the Court entered a final order of judgment in favor of Defendants Michael Bello and Stephen Huntington. Dkt. #174. Plaintiffs appealed. Dkt. #175. Because the appeal only concerns two of the defendants, Plaintiffs and Defendants HAND Construction Company, Sterling S Development, Inc., and Burke Construction respectfully request a stay of the proceedings pending the appeal. Defendants DR Horton and Ryland have indicated that they will not oppose this motion. Defendant Imperial Building Group will oppose this motion.

**STANDARD OF REVIEW**

In this Circuit, the standard for granting a stay pending appeal is similar to the standard governing preliminary injunctions: the court considers (1) the likelihood of success on the merits, (2) the likely irreparable injury to the moving party if the stay is not granted, (3) a balance of hardships favoring the moving party, and (4) advancement of the public interest. United States v. Lee, Goddard & Duffy, LLP, 553 F. Supp. 2d 1164, 1166-67 (C.D. Cal. 2008). This standard is a

continuum, where, for example, a greater advancement of the public interest can compensate for a relatively low likelihood of success. *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051, 1084 (E.D. Cal. 2009); *see also Winter v. Natural Resources Defense Council,* 555 U.S. 7, 23 (2008*)* (balancing plaintiffs' irreparable injury against the public interest).

## ARGUMENT

### I. Plaintiffs have a strong likelihood of success on the merits.

Respectfully, Plaintiffs believe the Court's decision regarding Defendant Bello and Huntington's Motion for Summary Judgment was in error. Plaintiffs will argue that the Court used an improper standard when evaluating whether or not Mr. Bello and Mr. Huntington were Plaintiffs' joint employers and should have instead used the standard articulated by the 9th Circuit in *Lambert v. Ackerley,* 180 F. 3d 997, 1011-12 (9th Cir. 1999).

### II. Plaintiffs and Defendants HAND Construction Company, Sterling S Development, Inc., and Burke Construction will suffer irreparable injury if the stay is not granted.

Plaintiffs have alleged that all the defendants, including HAND Construction Company, Sterling S Development, Inc., and Burke Construction, are Plaintiffs' joint employers. Dkt. #1. As such, each Defendant is jointly and severally liable for Plaintiffs' damages. If we proceed through discovery to trial, no findings of fact or decisions of law would be binding on Defendants Bello or Huntington, regardless of the outcome at the Court of Appeals. This would injure Plaintiffs because it would close rightful avenues of their recovery. This would also injure Defendants HAND Construction Company, Sterling S Development, Inc., and Burke Construction because, without Bello and Huntington, each Defendant's share of the damages would be increased. Moreover, both Plaintiffs and Defendants HAND Construction Company, Sterling S Development, Inc., and Burke Construction would be forced to re-litigate all findings of fact and decisions of law so that they may be enforceable against Bello and Huntington.

### III. The balance of hardships weighs in favor of granting a stay.

As outlined above, Plaintiffs and Defendants HAND Construction Company, Sterling S

Development, Inc., and Burke Construction would suffer irreparable injury if a stay is not granted.  However, there is only one Defendant who has not consented to a stay:  Imperial Building Group, Inc.[1]  In communications with counsel for Imperial, Rick Roskelley did not articulate any reason for opposing the stay except to say "Mike Bello's presence absence (sic) or presence will make no difference to the issues you are litigating."  Therefore, given the hardship to Plaintiffs and Defendants HAND Construction Company, Sterling S Development, Inc., and Burke Construction and the apparent lack of hardship to Imperial Building Group, the balance clearly weighs in favor of a stay.

**IV. A stay would advance the public's interest in economical and efficient judicial proceedings.**

As explained above, without a stay Plaintiffs and Defendants HAND Construction Company, Sterling S Development, Inc., and Burke Construction would likely be forced to re-litigate findings of fact and decisions of law so that they may be binding on Mr. Bello and Mr. Huntington.  This would not be an efficient use of the Court's resources.  The public interest in avoiding unnecessary proceedings requires that a stay be entered.

**CONCLUSION**

Plaintiffs' likely success, the possibility of injury to Plaintiffs and Defendants HAND Construction Company, Sterling S Development, Inc. and Burke Construction, the balance of hardships, and the public interest in efficient disposition of litigation favor granting a stay.  Therefore, the Court should exercise its discretion and stay the proceedings pending the outcome at the Court of Appeals.

---

[1] Recall that after Walldesign, Inc. filed for bankruptcy, the proceedings were automatically stayed against it.

RESPECTFULLY SUBMITTED this 11th day of July , 2013.

By    /s/   
Rachel Wilson
Attorney for Plaintiffs

By    /s/   
Chris Richardson
Attorney for Defendant HAND Construction

By    /s/   
Rob Ryan
Attorney for Defendant Sterling S

By    /s/   
Michael Gebhart
Attorney for Defendant Burke Construction

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal to the following CM/ECF registrants:

Rick Roskelley
LITTLER MENDELSON
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169-5937
Attorneys for Defendant Walldesign, Bello, Huntington and Imperial

Suzanne Martin
Christopher Pastore
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV 89169
Attorneys for Defendants DR Horton and Ryland.

Richard L. Peel
Michael Gebhart
Peel Brimley, LLP
3333 E. Serene Avenue
Suite 200
Henderson, NV 89074
Telephone: (702) 990-7272
Attorneys for Burke Construction Group, Inc.

Michael Stoberski
Christopher J. Richardson
Olson, Cannon Gormley & Desruisseaux
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
Telephone: (702) 384-4012
Attorneys for Defendant Hand Construction

Michael C. Van
Shumway Van & Hansen
8985 S. Eastern Avenue
Suite 100
Las Vegas, NV 89123
Telephone: (702) 478-7770
Attorneys for Sterling S Development, Inc.

/s/_____
Rachel Wilson