UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUAN PABLO ORQUIZA, et al.,

Plaintiffs,

v.

WALLDESIGN, INC., et al.,

Defendants.

2:11-CV-1374 JCM (CWH)

**ORDER**

Presently before the court is plaintiffs' and defendants', HAND Construction Company, Sterling S Development, Inc., and Burke Construction, joint motion to stay the proceedings pending appeal. (Doc. # 179). Defendants, Michael Bello, Stephen Huntington, Imperial Building Group, Inc., and Walldesign, Inc. filed a response in opposition (doc. # 182), and the parties that filed the motion to stay filed a reply to their motion (doc. # 183).

**I. Background**

On June 14, 2013, this court granted summary judgment in favor of defendants Michael Bello and Stephen Huntington. The court held that plaintiffs could not establish that either defendant Bello or Huntington met the definition of an employer under the Fair Labor Standards Act ("FLSA") because neither individual: (1) hired or fired any of the plaintiffs; (2) supervised or controlled the work of the plaintiffs; (3) set pay rates or method of pay for the plaintiffs; and, (4) maintained or oversaw the employment records, applications, time records, or payroll records for the plaintiffs. (Doc. # 172). The court also noted in its order that plaintiffs presented no arguments whatsoever

James C. Mahan
U.S. District Judge

concerning defendant Huntington, but the court applied the facts to law and found that Huntington could not meet the FLSA definition of employer. (*Id.*).

**II. Legal Standard**

The court may grant a stay of proceedings pending an appeal. *See* Fed. R. Civ. P. 62. A court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantively injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

**III. Discussion**

As a preliminary matter, the joint motion to stay is scant three page motion, with only one and a half pages of legal analysis. The court will address two of the factors because that is all that is necessary to dispose of the motion.

*A. Likely to Succeed on the Merits*

The entire analysis on this element in the joint motion to stay reads:

> Respectfully, Plaintiffs believe the Court's decision regarding Defendant Bello and Huntington's Motion for Summary Judgment was in error. Plaintiffs will argue that the Court used an improper standard when evaluating whether or not Mr. Bello and Mr. Huntington were Plaintiffs' joint employers and should have instead used the standard articulated by the [Ninth] Circuit in *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999).

(Doc. # 179).

In the underlying motions for summary judgment, plaintiffs made no arguments whatsoever regarding defendant Huntington. Plaintiffs likelihood of success on the merits for defendant Huntington is zero because they presented no evidence regarding Huntington.

Additionally, in the order on summary judgment, this court applied the standard from *Lambert*. The court cited Lambert for its expansive definition of employer, *see Lambert*, 180 F.3d at 1011-12, and applied the correct four factor test. The court found that all the evidence demonstrated that defendants Bello and Huntington did not meet the definition of employer under the FLSA. The court found that neither Bello or Huntington (1) hired or fired any of the plaintiffs,

(2) supervised or controlled the work of the plaintiffs, (3) set pay rates or method of pay for the plaintiffs, and (4) maintained or oversaw the employment records, applications, time records, or payroll records for the plaintiffs.[1]

The joint motion does not state which law the court should have applied, or which specific part of the court's order applied an incorrect legal standard. Additionally, the joint motion to stay does not take exception with any of the court's analysis of the four factors. The court finds that there is not a strong likelihood of success on appeal.

*B. Irreparable Harm*

The parties in the joint motion to stay argue that they will suffer irreparable harm because all the defendants, if liable, will be jointly and severally liable. However, the problem with this argument is that defendants Bello and Huntington cannot be jointly and severally liable with other defendants if Bello and Huntington did not violate the law. Defendant "X" is jointly and severally liable with other defendants only when defendant "X" actually violated a law, assuming there is no indemnification. The court found in this case that defendants Bello and Huntington as a matter of law were not the plaintiffs' employer under the FLSA.

Additionally, plaintiffs in this case seek monetary damages. Monetary damages alone do not amount to irreparable harm. *Rent-A-Car, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). The parties seeking a stay of the proceeding pending appeal have not established irreparable harm.

The court finds that because the parties seeking the stay cannot meet either of the first two elements then it is unnecessary to address the latter two elements. The parties seeking the stay have not met their burden and the court declines to stay the proceedings pending appeal.

. . .

. . .

---

[1] In the reply, the parties seeking the stay argue that they will really be advocating for a standard applied by the Second Circuit. The parties may make that argument on appeal but this court is going to apply the standards and reasoning used in this circuit.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the joint motion to stay the proceedings pending appeal (doc. # 179) be, and the same hereby, is DENIED.

DATED August 6, 2013.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge