UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUAN PABLO ORQUIZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WALLDESIGN, INC., et al., <br><br> Defendants. | 2:11-CV-1374 JCM (CWH) |

**ORDER**

Presently before the court is plaintiffs' second motion to amend their complaint. (Doc. # 224). Defendants filed a response in opposition (doc. # 231), and plaintiffs filed a reply (doc. # 237).

**I.  Discussion**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. LR 15-1(a).

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiffs seek leave of the court to file an amended complaint that will name each plaintiff as an individual rather than as a member of a class or collective action. (Doc. # 224). Plaintiffs have attached a proposed, third-amended complaint to their motion in compliance with LR 15-1(a). (Doc. 224-3).

Defendants argue that the motion should be denied because the yet-unjoined plaintiffs do mot meet the standard for joinder pursuant to Federal Rule of Civil Procedure 20.

The Ninth Circuit has clearly stated that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Rule 20 states, in part, "Persons may join in one action as plaintiffs if . . . any question of law or fact common to all plaintiffs will arise in the action."

In this case, all of the individuals seeking to join as plaintiffs worked for defendant Walldesign and allege that they regularly worked for more than forty hours a week but were not paid overtime. Therefore, the court finds that all of these claims are logically related and meet the lenient Rule 20 standard.

Furthermore, because plaintiffs seek to merely re-frame the structure of the case rather than add any new claims or join previously unknown parties, the court finds that plaintiffs' motion to amend has not been made in bad faith, will not cause undue delay or prejudice to defendants, and presents non-futile legal arguments. Additionally, the court finds there is good cause to allow plaintiffs to amend their complaint.

**II.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to amend (doc. # 224) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiffs file the amended complaint in accordance with the foregoing within seven (7) days of the entry of this order.

DATED May 13, 2014.

_____
UNITED STATES DISTRICT JUDGE