SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
JILL GARCIA
Nevada Bar No. 7805
jill.garcia@ogletreedeakins.com
CHRISTOPHER M. PASTORE
Nevada Bar No. 11436
christopher.pastore@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888
*Attorneys for Defendant Ryland Homes Nevada, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Juan Pablo Orquiza, Maximino Buenaventura, individually and on behalf of other persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Walldesign, Inc., Michael Bello, Stephen Huntington, HAND Construction Company, Sterling S Development, Inc., DR Horton, Inc., Ryland Homes Nevada, LLC, and Does 1-10.<br><br>　　　　　Defendants. | Case No. 2:11-cv-01374-JCM-CWH<br><br>**JOINT APPLICATION FOR LEAVE PURSUANT TO L.R. 10-5 TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL FOR *IN CAMERA* INSPECTION AND APPROVAL;**<br>**ORDER THEREON** |

　　　　Plaintiffs, Maximino Buenaventura Candido de la Cruz, Candido Ramirez, Gilberto Perez Salazar, Jose Ramirez, Marcelino de la Cruz, and Tirso Lugo ("Settling Plaintiffs") along with Defendant Ryland Homes Nevada, LLC ("Defendant Ryland Homes"), by and through their counsel of record, hereby submit their Joint Application ("Application") For Leave Pursuant to L.R. 10-5 to File Confidential Settlement Agreement Under Seal For *In Camera* Inspection and Approval; [Proposed] Order Thereon. The Parties request that: (1) this Court enter an Order

1

pursuant to L.R. 10-5 allowing the Parties to file the Confidential Settlement Agreement under seal; and (2) that the Court approve the terms of settlement as a fair and reasonable resolution of a bona fide wage dispute under the Fair Labor Standards Act ("FLSA") [29 U.S.C. §§ 201, et seq.]. In support thereof the Parties state as follows:

1. Plaintiffs have caused a complaint for damages to be filed in the above-captioned matter currently pending in the United States District Court for the District of Nevada (the "Action") in which Plaintiffs allege that their former employer, Defendant Walldesign, Inc. ("Walldesign"), failed to pay them minimum and overtime wages in compliance with the Fair Labor Standards Act ("FLSA") and the Nevada Revised Statutes. Plaintiffs seek to hold Defendant Ryland Homes and currently, two other general contractor Defendants, liable for the alleged unpaid minimum and overtime wages as joint employers under the FLSA and for the alleged violations of the Nevada Revised Statutes pursuant to NRS § 608.150.

2. Then Named Plaintiffs Juan Pablo Orquiza and Maximino Buenaventura ("Named Plaintiffs") sought to pursue the FLSA cause of action as a collective action on behalf of themselves and a class of current and former workers employed by Walldesign. The motion for FLSA collective action certification was conditionally granted. Thirty-seven former Walldesign employees signed consents to join the Action, but six were subsequently dismissed. Named Plaintiffs pursued the Action on behalf of themselves and the remaining thirty-one former Walldesign employees who signed consents to join the Action and remained in the Action (collectively, "Opt-In Plaintiffs"). In addition to the collective action under the FLSA, Named Plaintiffs sought a class action under Rule 23 of the Federal Rules of Civil Procedure for the state law claims. Named Plaintiffs have not moved for class certification of the state law claims under Rule 23 of the Federal Rules of Civil Procedure. Instead, Plaintiffs filed a Third Amended Complaint on May 19, 2014, dismissing their class and collective claims pursuing this action on behalf of each individual Plaintiff.

3. Defendant Ryland Homes denies any liability or wrongdoing of any kind associated with the claims asserted in the Action and further contends that it has complied at all times with the FLSA and all applicable Nevada wage and hour laws.

4. The Parties have engaged in substantial amounts of formal and informal discovery and also conducted significant investigation efforts in connection with the claims asserted in the Action. Specifically, the Parties have propounded written discovery, exchanged a substantial

volume of documents during discovery, taken multiple depositions including the depositions of the Plaintiffs, reviewed and analyzed all available records reflecting time and compensation, and have researched and analyzed the relevant legal and factual issues arising from all the claims that are alleged in the Action, or could have been alleged in the Action.

5. Based upon Plaintiffs' Counsel's analysis and evaluation of a number of factors, Plaintiffs' Counsel has determined that only the Settling Plaintiffs have claims against Defendant Ryland Homes. Indeed, the Court entered an Order dismissing the claims of the remaining Plaintiffs as against Defendant Ryland Homes. (Doc. #256.)

6. The Parties have agreed to resolve the Action in its entirety on terms that they agree are fair and reasonable. This resolution will avoid the risk, uncertainty, expense and inconvenience of further litigation. It is entered into with the intent to permanently resolve any and all claims asserted in the Action against Defendant Ryland Homes or that could have been asserted in the Action, and/or that are reasonably related to the Action. Plaintiffs' Counsel is satisfied that the resolution and the terms and conditions of the Confidential Settlement Agreement ("Settlement Agreement") are fair, reasonable, and adequate and that the agreed upon resolution of this matter and the Settlement Agreement is in the best interests of the Settling Plaintiffs, and non-settling Plaintiffs (collectively, "Plaintiffs").

7. The Parties have entered into a Settlement Agreement. Per L.R. 10-5, the Parties shall submit a copy of the Settlement Agreement contemporaneous in time with the filing of this Application to Chambers for the Court's consideration of the same.

8. The Settlement Agreement expressly prohibits any disclosure whatsoever of the terms and conditions contained therein, including disclosure in a public forum of any kind. Confidentiality was a negotiated, material and essential term of the settlement and was specifically requested by Plaintiffs.

9. The Parties request that the Settlement Agreement be filed under seal for *in camera* review and approval by the Court for the following reasons:

    a. Plaintiffs desire confidentiality with respect to the terms and conditions of the Settlement Agreement including the amounts they are settling for because not all of the Plaintiffs will be compensated under the terms of the Settlement Agreement.

    b. The Action is on-going and public disclosure of the settlement to the remaining parties in the Action may influence their future settlement and/or litigation positions.

10. When a plaintiff brings a private action for back wages under 29 U.S.C. § 216(b), the parties may present resolution of the action to the Court for approval. *See, Brooklyn Sav. Bank v. O'Neil*, 324 US 697 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiffs' claims against Defendant Ryland Homes Nevada and advances judicial economy. This is because there remains a substantial dispute over Defendant Ryland Homes' status as a joint employer under the FLSA and there is a lack of reliable evidence that reflects on what dates and for how many hours the Settling Plaintiffs performed work on Defendant Ryland Homes' projects while working for Walldesign that would support the claim under NRS § 608.150. Without waiving the Parties' respective duties and rights under Fed. R. Evid. 408, Plaintiffs' Counsel presented a damages model that analyzed the alleged unpaid minimum and overtime wages owed to the Plaintiffs and what amount of the alleged unpaid minimum and overtime wages Plaintiffs claim each general contractor Defendant may be liable for. Defendant Ryland Homes rebutted the calculations in the damages model and discounted the damages to reflect the risk associated with continued litigation.

11. There is a strong public policy encouraging resolution of litigated matters. An essential and material part of the Agreement was the confidentiality provision. Therefore, the Parties hereby move this court for an order to approve the settlement because public filing of the Settlement Agreement would result in the Parties losing the confidentiality for which they bargained. *See, Phillips ex rel Estates of Byrd v. General Motors Corp.*, 307 F.3d 11206, 1212 (9th Cir. 2002) (courts have granted orders to protect confidential settlement agreements, cited in *Jaffe v. Morgan Stanley & Co., Inc.*, WL 346417 (N.D. Cal. Feb. 7, 2008)). *See also, Flynn v. Portland General Electric Corp.*, 1989 WL 112802 (D. Or. Sept. 21, 1989) (explaining that the strong public policy in favor of settling disputed claims "dictates that confidentiality agreements not be lightly abrogated," and granting a protective order to prevent discovery into a settlement agreement in an age discrimination case that designated as confidential all case related information and documents, not just the settlement agreement itself).)

12. Once the settlement has been approved by this Court and the other terms and conditions of the settlement have been complied with, the parties will file a Stipulation and Order for Dismissal With Prejudice in this Action.

WHEREFORE, the Parties respectfully request that the Court allow an *in camera* inspection of the Settlement Agreement and approve the same.

RESPECTFULLY SUBMITTED this 2nd day of June, 2014.

| LAW OFFICE OF RACHEL WILSON | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|---|---|
| By: /s/ Rachel Wilson<br>Rachel Wilson<br>1701 Whitney Mesa Dr., Ste. 105<br>Henderson, Nevada 89014<br>*Attorney for Plaintiffs* | By: /s/ Jill Garcia<br>Suzanne L. Martin<br>Jill Garcia<br>Christopher M. Pastore<br>Wells Fargo Tower, Suite 1500<br>3800 Howard Hughes Parkway<br>Las Vegas, NV 89169<br>*Attorneys for Defendant Ryland Homes Nevada, LLC* |

## ORDER

The Joint Application For Leave Pursuant to L.R. 10-5 to File Confidential Settlement Agreement Under Seal For *In Camera* Inspection and Approval; [Proposed] Order Thereon ("Application") in case 2:11-cv-01374-JCM-CWH was submitted by Plaintiff Maximino Buenaventura, Candido de la Cruz, Candido Ramirez, Gilberto Perez Salazar, Jose Ramirez, Marcelino de la Cruz, and Tirso Lugo ("Settling Plaintiffs") along with Defendant Ryland Homes Nevada, LLC ("Defendant Ryland Homes"), by and through their counsel of record, before the United States District Court, District of Nevada, the Honorable James C. Mahan, District Judge presiding.

The Court, having read and considered the Parties' Application, and the evidence submitted in support thereof, and having considered the arguments of counsel, and good cause appearing therefore:

IT IS HEREBY ORDERED that the Application is Granted and the Confidential Settlement Agreement is accepted for filing under seal. The Clerk is directed to maintain the

Confidential Settlement Agreement under seal, and separate and apart from the public filings in this case, pursuant to Local Rule 10-5.

IT IS FURTHER ORDERED that the Confidential Settlement Agreement filed under seal and duly reviewed and considered by this Court, is approved as to all state and federal wage and hour claims including those under the FLSA and the Nevada Revised Statutes relating to Plaintiffs' claims for failure to pay overtime, failure to pay minimum wages, penalties and liquidated damages under the terms set forth in the Application signed by counsel for both parties filed herewith (under seal).

IT IS SO ORDERED.

Dated: June 10, 2014.

Signed: _____
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the foregoing attached document to the Clerk's Office using the CM/ECF system for filing and transmittal to the following CM/ECF registrants:

Rick Roskelley
Dustin Clark

Michael E. Stoberski
Christopher Richardson

Rachel Wilson

I hereby further certify that on this date, service of the foregoing **Joint Application for Leave Pursuant to L.R. 10-5 to File Confidential Settlement Agreement Under Seal for *In Camera* Inspection and Approval; [Proposed] Order Thereon**, was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, addressed to the following:

Rick D. Roskelley
Noel Eidsmore
Littler Mendelson
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169
*Attorneys for Defendants Michael Bello & Stephen Huntington*

Michael Stoberski
Christopher J. Richardson
Olson, Cannon, Gormley, Argulo & Stoberski
9950 West Cheyenne Avenue
Las Vegas, NV 89129
*Attorneys for Defendant Hand Construction*

Sterling S. Development, Inc.
c/o Rick Stratton
237 Chaco Canyon
Las Vegas, NV 89074

Imperial Building Group, Inc.
c/o Stephen Bello
608 ½ Begonia Avenue
Corona Del Mar, CA 92625

Imperial Building Group, Inc.
c/o Stephen Bello
703 ½ Marigold Avenue
Corona Del Mar, CA 92625

Dated this 2nd day of June, 2014.

_____
An Employee of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

7