UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUAN PABLO ORQUIZA, *et al.*,   )
                    Plaintiffs,   )   Case No. 2:11-cv-01374-JCM-CWH
                                        )
vs.                                   )   **MINUTE ORDER**
WALLDESIGN, INC., *et al.*,   )
                    Defendants.   )

      This matter is before the Court on Defendant D.R. Horton, Inc.'s Motion to Set Aside Order Setting Settlement Conference (#264) and Plaintiffs' Response (#265), both filed on June 10, 2014.

      This case has been ongoing for approximately three years. Recently, Plaintiff filed an emergency motion for a settlement conference (#236), which was denied. *See* Mins. of Proceedings (#243). The original request for a settlement conference was denied, in large measure, due to a then pending motion to amend the complaint (#224) that, if granted, would significantly affect the procedural posture of the case. After reviewing the record and briefing, the undersigned declined to schedule a settlement conference having not been "persuaded that a settlement conference <u>at this point</u> is either advisable or likely to be successful." *See* Order (#248) (emphasis added). The undersigned did not foreclose the potential for a future settlement conference, but simply indicated that a settlement conference was not advisable at that particular time. It remains true that "[t]he Court may, in its discretion and at any time, set any appropriate civil case for settlement conference, summary jury trial, or other alternative method of dispute resolution." *See* Local Rule 16-5.

      Shortly after the request for settlement conference was denied, the motion to amend the

complaint (#224) was granted. *See* Order (#249). Thereafter, the parties, through their respective counsel, submitted a stipulation to dismiss certain claims. *See* Order (#256) (granting the parties' stipulation of dismissal (#254)). On June 2, 2014, Defendant Ryland Homes Nevada, LLC filed a motion to seal and for approval of a settlement agreement. (#258). The motion was granted and the settlement approved. *See* Order (#263). At approximately the same time as the motion to seal and for approval of the settlement agreement, Plaintiffs renewed their motion for settlement conference. (#260). Given the significant procedural change as a result of the amended complaint, the dismissal of several plaintiffs, and the settlement, the undersigned determined that a settlement conference between the remaining parties was appropriate. Consequently, Plaintiffs' request for a settlement conference was granted and a settlement conference scheduled for August 14, 2014. (#262).

One day following the scheduling of the settlement conference, Defendant D.R. Horton filed a motion to set aside the scheduling order. The motion appears to be premised on the following arguments: (1) a settlement conference would be unproductive given Plaintiffs "unreasonable" settlement demands, (2) the Federal Rules of Civil Procedure do not allow the Court to schedule a settlement conference without consensus from all parties involved, (3) Defendant D.R. Horton prefers to defend itself by filing dispositive motions. Plaintiffs opposed the request, arguing that it is Defendant D.R. Horton who has refused to engage in good faith negotiations.

Defendant D.R. Horton's motion to set aside the order scheduling the settlement conference fails for several reasons. First, the motion does not include any points and authorities in support of the requested relief which, in itself, is grounds for denial of the motion. *See* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."). Defendant also takes extreme liberty in quoting the Court's prior order out of context. The Court did not say that a settlement conference would never be "advisable or likely to be successful," but only that it was not advisable or likely to be successful at the time the first motion was considered. A settlement conference at a future time was never foreclosed. Upon granting of the motion to amend, settlement between some of the parties, dismissal of several claims, and a renewed motion for a settlement conference, the Court took another look at the record and determined that a settlement conference, given the significant changes, is advisable.

1	Defendant D.R. Horton's unwillingness to attend a settlement conference because of Plaintiffs'
2	prior "unreasonable settlement demands" simply underscores the need for a settlement conference.
3	There is perhaps no reason less compelling to forego a settlement conference than a prior settlement
4	demand being unreasonable.  Were the standard for scheduling a settlement conference limited to
5	whether one party believes another is being unreasonable, it is difficult to imagine settlement
6	conferences would ever be scheduled.  To the contrary, unreasonableness is more often than not the
7	precise reason to have a settlement conference so that a neutral magistrate judge may meet, confer,
8	counsel, and aid the parties in resolving the matter.
9	The argument that the rules do not permit a litigant to request a settlement conference without
10	agreement from the other party or parties is simply incorrect.  The Local Rules make clear that "[t]he
11	Court may, in its discretion and at any time, set any appropriate civil case for settlement conference,
12	summary jury trial, or other alternative method of dispute resolution."  *See* Local Rule 16-5.  The Court
13	need not wait for a request from any party to schedule a settlement conference.  It may schedule a
14	settlement conference at any time and at its discretion.  The Ninth Circuit recently addressed this issue
15	in *United States v. U.S. Dist. Court for the Northern Mariana Islands*, 694 F.3d 1051 (9th Cir. 2012),
16	wherein it held that "the district court has broad authority to compel participation in a mandatory
17	settlement conference."  694 F.3d at 1057.  The district court's authority arises from "at least three
18	different sources[,]" including Federal Rule of Civil Procedure 16(c)(1)("If appropriate, the court may
19	require that a party or its representative be present or reasonably available by other means to consider
20	possible settlement."), 28 U.S.C. § 473(b)(5) (requiring courts as part of the civil justice reform act to
21	consider "a requirement that, upon notice by the court, representatives of the parties with authority to
22	bind them in settlement discussions be present or available by telephone during any settlement
23	conference"), and a court's "inherent power 'to control the disposition of the causes on its docket with
24	economy of time and effort for itself, for counsel, and for litigants.'" *Id*. at 1058 (citations omitted).
25	The court in *Lockhart v. Patel*, 115 F.R.D. 44 (E.D.Ky 1987) stated that, "[t]he authority of a federal
26	court to order the attendance of attorneys, parties, and insurers at settlement conferences and to impose
27	sanctions for disregard of the court's orders is so well established as to be beyond doubt."  115 F.R.D.
28	at 45.  The undersigned agrees.  It is beyond dispute that the Court may require parties and their

representatives to attend and participate in good faith during settlement conferences.

Lastly, Defendant D.R. Horton's desire to forego a settlement conference and simply file its motion for summary judgment is not well taken.  The filing of a motion for summary judgment would rarely preclude the Court from conducting a settlement conference.  Quite often, settlement conferences are scheduled <u>after</u> a motion for summary judgment is filed and before it is resolved.  As stated in *Pitman*:

> The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer.  Settling case prior to the filing and resolution of dispositive motions benefits the courts and the parties by reaching a just, speedy, and inexpensive determination of an action consistent with Rule 1[].  If a settlement is possible, it is imperative that both plaintiff and defendant arrive at a settlement conference with an open mind and genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case.

216 F.R.D. at 485.  Failure to participate in good faith during a settlement conference is ground for sanctions.

Based on the foregoing, Defendant D.R. Horton's motion to set aside the order scheduling a settlement conference is denied.  The Court fully expects the parties to attend and participate in good faith during the August 14, 2014 settlement conference.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant D.R. Horton, Inc.'s Motion to Set Aside Order Setting Settlement Conference (#264) is **denied**.

Dated: June 20, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge